IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATT ALLEN, and CHRIS ALLEN, | |
| Plaintiffs, | 8:25CV495 |
| vs. | |
| BERNARD J. MORELLO, | **FINDINGS AND RECOMMENDATION** |
| Defendant. | |

This matter comes before the court on Plaintiffs' Motion to Remand. (Filing No. 5). This matter was referred to the undersigned for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(3). Plaintiff also requests oral argument. For the following reasons, the undersigned recommends that the Motion to Remand, and the request for oral argument, be denied.

I.  BACKGROUND

This litigation comes before the court for a second time. In the previous matter, Plaintiffs' father filed a complaint in the District Court of Douglas County, Nebraska, seeking to quiet title to a portion of real estate by way of adverse possession. (*See* 8:23-cv-94). Defendant then removed the matter to this court on the basis of diversity of citizenship and offered an appraisal valuing the subject property at $80,000. Plaintiff filed a motion to remand, claiming the court lacked subject jurisdiction because the amount in controversy did not exceed $75,000 and offered an appraisal valuing the subject property at $30,000.

Ultimately, the magistrate judge[1] recommended the motion to remand be denied under the application of the "plaintiff's viewpoint rule," because a fact finder might legally conclude that the value of the land exceeded $75,000 and therefore the jurisdictional threshold was met. Over Plaintiff's objection, the district court judge[2] adopted the recommendation and denied the motion to remand. The matter was later set for trial, however, before the scheduled trial could begin, Plaintiff passed away and the parties jointly moved to dismiss the case without prejudice. That case was dismissed on April 3, 2025.

A few days later, on April 7, 2025, Plaintiffs Matt Allen and Chris Allen, the former Plaintiff's sons, filed a complaint in the District Court of Douglas County, alleging an identical claim for adverse possession, and added a new alternative claim for unjust enrichment. (Filing No. 2-1). The underlying facts are the same. Plaintiffs seek to quiet title and ownership over three acres of land, which they allege they have exercised continuous control over since September 1, 1994. They further allege that if property remains in Defendant's name, he will have been unjustly enriched by at least $23,500 because of Plaintiffs' improvements to the property and seek such alternative relief, if appropriate.

Although the docket does not reflect that he was formally served, Defendant entered a voluntary appearance on July 11, 2025. (Filing No. 2-2). On August 7, 2025, Defendant again removed the matter to this court based on diversity of citizenship, claiming that the value of the property exceeds $75,000. Plaintiffs filed a Motion to Remand, again claiming that the court lacks jurisdiction because it is not seeking monetary damages, and the value of the property is below $75,000. Plaintiff included an updated appraisal valuing the property at $55,000. (Filing No. 5, at p. 4). Resolution of the motion was delayed as Defendant requested an extension to respond so that he could obtain an updated appraisal regarding the property, which was granted on September 23, 2025. On November 25, 2025, Defendant filed his response to the motion, with the updated appraisal now valuing the property at $90,000. (Filing No. 14-2).

---

[1] The Honorable Susan M. Bazis, United States Magistrate Judge.
[2] The Honorable Brian C. Buescher, United States District Judge.

## II.     LEGAL STANDARD

Defendants sued in state court have a "right to remove the suit to federal district court if the civil action is one 'of which the district courts ... have original jurisdiction.'" *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (quoting 28 U.S.C. § 1441(a)). "A defendant's removal of a case to federal court is appropriate 'only if the action originally could have been filed there.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (*quoting In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010)). A federal court's jurisdiction is measured "at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citations omitted). "[D]oubts about federal jurisdiction are resolved in favor of remand." *Kearney Area AG Producers Alliance v. Delta-T Corp.*, 2003 WL 431609, *1 (D. Neb. Feb. 24, 2003).

"As the party seeking removal and opposing remand, [defendants have] the burden of establishing federal subject matter jurisdiction." *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam) (*citing Bor-Son Bldg. Corp. v. Heller*, 572 F.2d 174, 181 n. 13 (8th Cir. 1978)). Diversity jurisdiction exists when an action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a)(1). In a suit for declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *James Neff Kramper Fam. Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (*quoting Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). When a plaintiff does not seek monetary damages, courts are to measure the amount in controversy by the "value to the plaintiff of the right that is in issue." *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010). This is known as the "plaintiff's viewpoint rule." *Id.* at 1019.

While this principle is often referred to as the "plaintiff's viewpoint rule," this does not mean that the plaintiff's view of what the asserted right is worth is controlling. *Id.* at 1019. Rather, "[t]he question is the actual value of the object of the suit." *Id.* "[I]n deciding the jurisdictional question, a district court must determine what the property interest at

3

issue is worth in the marketplace, which is a matter of objective fact." *Id*. Defendant must satisfy its burden to prove the amount in controversy by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009). This can be accomplished through specific factual allegations together with "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (citation omitted).

### III.   ANALYSIS

The court finds that the motion to remand should be denied, for many of the same reasons as before. This matter was again removed based on diversity of citizenship. The parties do not dispute that they have diverse citizenship but continue to disagree that the threshold amount in controversy has been met, because they have competing opinions on the value of the property. Because the Defendant removed this matter, he bears the burden of proving that the jurisdictional threshold is satisfied by a preponderance of the evidence. *Bell,* 557 F.3d at 956, 958. The court finds that the Defendant has met that standard.

To determine whether the jurisdictional threshold has been met, the court must determine "not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Id.*, at 959 (emphasis in original). While the court notes that Plaintiffs are not seeking monetary damages, and never have, the court must still determine the value to the Plaintiff of the right at issue, which is the market value of the property. *Usery*, 606 F.3d at 1018. Both parties have submitted updated appraisals to support their relative positions and the court notes that both appraisals now value the property higher than they did previously.[3]

After reviewing the updated appraisals, it is reasonable that a jury might conclude the value of the disputed property exceeds $75,000. Plaintiffs' updated report is nearly

---

[3] In 2023, Plaintiffs' appraiser Bill Lange valued the property at $30,000. (*See* 8:23-cv-94, at Filing No. 13-2). He now values the same property at $55,000. (Filing No. 5, at p. 4). In 2023, Defendant's appraiser Jerald Lewis previously valued the property at $80,000. (*See* 8:23-cv-94, at Filing No. 12-2). He now values the property at $90,000. (Filing No. 14-2).

identical to his previous one, with the exception that updated land sales in the area have increased in the last two years, which has resulted in an increased value to the property. Plaintiffs' updated appraisal also values the property at nearly double than it did previously, albeit still below the $75,000 threshold.

Plaintiffs claim that Defendant's updated appraisal is flawed because the appraiser conducted the inspection without entering the property and without obtaining updated photographs. The court, however, has little issue assuming the property is in substantially similar condition as it was in 2023, which appears supported by Plaintiff's updated appraisal as well. The crux of the issue comes down to the comparative sales that each appraiser used to determine market value. But the court again is not tasked with determining the final value of the property but rather whether the fact finder might reasonably conclude that the value exceeds $75,000. Considering all the circumstances, including the court's previous determination that the jurisdictional threshold was met in 2023 and the increase in value by both parties in 2025, the court finds that Defendant has met his burden to establish federal subject matter jurisdiction.

Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. *Bell,* 557 F.3d at 956. Again, given the discrepancy between the two appraisals, the court cannot find that Plaintiff has established, with certainty, that the value is less than $75,000. Accordingly, removal was proper because the court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

For those reasons,

IT IS HEREBY RECOMMENDED to the Honorable Robert F. Rossiter, Chief United States District Court Judge that Plaintiff's Motion to Remand (Filing No. 5) be denied.

Dated this 17th day of December, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.